# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL THURSTON, Sr., #N-50920, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv–00832−MJR |
| vs. | ) ) |
| WEXFORD HEALTH SOURCE, VIPIN SHAH, and ILLINOIS DEPT. OF CORRECTIONS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Darrell Thurston, an inmate who is currently incarcerated at Stateville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1). In the Complaint, Plaintiff alleges that he sustained permanent kidney damage after taking an excessive amount of blood pressure medication at Pinckneyville. (Doc. 1, pp. 4-5). In connection with this claim, he seeks monetary relief against Wexford Health Source ("Wexford"), Illinois Department of Corrections employees ("IDOC employees"), and Vipin Shah (doctor). (Doc. 1, p. 6).

Plaintiff originally filed this action in the United States District Court for the Northern District of Illinois. *See Thurston v. Wexford Health Source, et al.*, No. 17-cv-04859 (N.D. Ill. filed June 28, 2017). On August 3, 2017, the Northern District transferred the case to this District. (Doc. 8). Plaintiff now requests transfer of the case back to the Northern District. (Doc. 12). For the reasons set forth herein, his motion shall be denied.

1

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint does not survive screening under this standard and shall therefore be dismissed.

## **Complaint**

Plaintiff allegedly suffers from hypertension. (Doc. 1, p. 4). During his incarceration at Pinckneyville, he was prescribed a cocktail of blood pressure medications. *Id*. For eighteen months, he took up to six different medications at a time. *Id*. Instead of decreasing his blood pressure, the medications elevated it to sustained levels of at least 215/115. *Id*.

Plaintiff's kidneys eventually "shut down." (Doc. 1, p. 4). Plaintiff claims that he was neglected and had to beg a nurse practitioner for treatment. *Id*. She agreed that Plaintiff was about "to check out" and sought permission from the prison warden to rush Plaintiff to Marion General Hospital for emergency treatment. *Id*. The hospital's dialysis team informed Plaintiff that his blood pressure medication had "destroyed" his kidneys. *Id*. As a result, his life expectancy was reduced to seven years. *Id*.

Plaintiff has since been informed by prison medical providers at Graham Correctional Center ("Graham") and Stateville Correctional Center ("Stateville") that his life expectancy is now less than six years. (Doc. 1, p. 5). Plaintiff's doctors attribute his current prognosis to the excessive amounts of Clonidine he was prescribed at Pinckneyville. *Id*. Plaintiff attributes his condition to neglect, malpractice, the state budget crisis, and decreased expenditures on prison medical care. *Id*. He seeks monetary relief for "malpractice" against Wexford, unknown IDOC employees, and Doctor Shah. (Doc. 1, p. 6).

## Discussion

Plaintiff asserts a single claim of negligence or malpractice against Wexford, IDOC employees, and Doctor Shah. (Doc. 1). He cannot proceed with a negligence claim under § 1983. A defendant can never be held liable under § 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Section 1983 creates a cause of action against individuals who cause or participate in a constitutional deprivation while acting under color of state law. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *see also Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). To be held individually liable, a defendant must be "personally responsible for the deprivation of a

constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The doctrine of *respondeat superior* does not apply in this context. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff's claim arises under the Eighth Amendment, which proscribes the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. Deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment. *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). In this case, the Court is unable to discern whether any of the defendants exhibited deliberate indifference to Plaintiff medical condition.

Plaintiff failed to mention the names of a single defendant in his statement of claim. He names Wexford, IDOC employees, and Doctor Shah as defendants in his case caption, but nowhere in the body of his Complaint. The Seventh Circuit has long held that "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

To comport with basic pleading requirements set forth in the Federal Rules of Civil Procedure, a plaintiff must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is not required to include "detailed factual allegations" against each defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 555). He is only required to set forth sufficient allegations to suggest that each defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

Plaintiff ignored instructions to this effect in the form he used to prepare the Complaint. (Doc. 1, p. 4). The form directs plaintiffs to "[s]tate here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. . . ." *Id*.

4

This Court's standard civil rights complaint form includes similar instructions: "State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. . . ." Plaintiff disregarded these instructions. He did not indicate how each of the named defendants deprived him of adequate medical care for his hypertension or kidney malfunction, in violation of the Eighth Amendment. (Doc. 1, pp. 4-5).

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and it shall be dismissed. However, the dismissal shall be without prejudice to Plaintiff filing an amended complaint that describes what each of the defendants did to violate his Eighth Amendment rights. The deadline and instructions for amending are set forth in the below disposition.

**Pending Motions**

**1.     Motion for Attorney Representation (Doc. 4)**

Plaintiff's Motion for Attorney Representation is **DENIED without prejudice**. In his motion, Plaintiff listed the names of three attorneys he attempted to contact in connection with this matter and confirmed that he filed an application to proceed as a poor person in this case. (Doc. 4, p. 1). Although there is no constitutional or statutory right to counsel in federal civil cases, *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010), a district court may exercise its discretion and recruit counsel for an indigent litigant. *See* 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). The Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If he has done so, the Court must also examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).

Neither requirement is satisfied. First, Plaintiff did not demonstrate that his efforts to secure counsel were unsuccessful. (Doc. 4, p. 1). He merely listed the names of three attorneys, without stating that he contacted any of them and without describing their response to his request for legal representation in this matter. *Id*. Second, he did not address whether this case exceeds his abilities as a layperson to present it. *Id*. The pleadings filed to date are well-drafted and coherent. Plaintiff describes no impediment to *pro se* litigation of this matter in his motion, such as educational, language, or mental health barriers. *Id*. Although his medical issues could become an impediment, Plaintiff did not indicate that they are in his motion. *Id*. In the absence of this assertion, the Court discerns no basis for granting the motion at this time. Plaintiff's Motion for Attorney Representation is denied without prejudice. However, he is invited to renew the motion as this case proceeds, if he believes it is necessary.

2. **Motion to Transfer Venue (Doc. 12)**

Plaintiff's Motion to Transfer Venue is **DENIED**. In the motion, Plaintiff explains that he would like the case transferred back to the Northern District because he is currently housed there and would like to expand his claims to include violations of his constitutional rights there. (Doc. 12). Plaintiff offers few specifics about the nature of his anticipated claims or the names of any new defendants. *Id*. He has not file a proposed amended complaint. *Id*. This Court is aware of no new information which suggests that venue is improper in this District.

The United States District Court for the Northern District of Illinois originally transferred the case to this District based on the allegations in the Complaint. In the transfer order, the Northern District "discern[ed] no basis for venue" there. (Doc. 6, p. 1). The Court pointed out that all of the events giving rise to this action occurred at Pinckneyville, a prison located in the federal judicial district for Southern District of Illinois. *Id*. Plaintiff identified the defendants as

being employed at Pinckneyville. *Id*. The complained-of medical care occurred exclusively at Pinckneyville. *Id*. This Court reviewed the Complaint and also finds that the case was properly transferred to this District.

Plaintiff is **WARNED** that any new, unrelated claims that he includes in the amended complaint filed in this case are subject to severance into one or more new cases, the assessment of an additional filing fee for each new case, and transfer to the proper venue.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes dismissal of the Illinois medical negligence claim and Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford Health Source, Illinois Department of Corrections employees, and Vipin Shah.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before November 3, 2017.** Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 17-00832-MJR) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, describe the actions taken by each defendant that resulted in the deprivation of his federal constitutional rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 6, 2017**

**s/ MICHAEL J. REAGAN**
**Chief District Judge,**
**United States District Court**